**Yura DAVIDOV, Plaintiff–Appellant,**

v.

**LOUISVILLE LADDER GROUP, L.L.C., doing business as Davidson Ladders, Defendant–Appellee.**

No. 05–1667–CV.

United States Court of Appeals, Second Circuit.

March 10, 2006.

Robert Joseph Tolchin, Jaroslawicz & Jaros, New York, NY, for Plaintiff–Appellant.

Richard H. Bakalor, Quirk & Bakalor, P.C., New York, NY, for Defendant–Appellee.

Present: Hon. PIERRE N. LEVAL, Hon. ROBERT A. KATZMANN, and Hon. REENA RAGGI, Circuit Judges.

SUMMARY ORDER

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 10th day of March, two thousand six.

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be and hereby is AFFIRMED.

This is a product liability case arising out of plaintiff's fall from a ladder manufactured by defendant. By order dated August 27, 2004, the district court (Stanton, *J.*) granted defendant's motion *in limine* and excluded the testimony of plaintiff's expert, who would have testified that plaintiff's fall was caused by the ladder's defective design. On September 24, 2004, the district court denied plaintiff's motion for reconsideration, and on March 1, 2005, it granted defendant's motion for summary judgment and dismissed this case.

We review a district court's decision to exclude expert testimony under the abuse of discretion standard, even where, as here, the decision is "outcome determinative." *Gen. Elec. Co. v. Joiner,* 522 U.S. 136, 142–43, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997). The district court excluded the expert's testimony because the expert's conclusions were "in conflict with the uncontradicted evidence in the case." *See* Fed.R.Evid. 702(3) (requiring that expert witness have "applied the principles and methods reliably to the facts of the case").

Upon examining the record, we conclude that the district court did not abuse its discretion. We need not decide whether the expert's conclusions were in actual conflict with the uncontradicted evidence; it is sufficient that the evidence in the record (or lack thereof) supports the finding that "there is simply too great an analytical gap between the data [in the record] and the opinion proffered" for the former to underpin the latter. *Joiner*, 522 U.S. at 146, 118 S.Ct. 512.

For the expert's theory of causation to apply to this case, a number of predicate facts needed to be established, including that plaintiff had applied a certain level of force in climbing the ladder, that one rear leg of the ladder had become elevated a certain amount, and that plaintiff had ultimately been dislodged from the ladder by a jolt caused by the rear leg hitting the ground. Plaintiff adduced no evidence to prove these facts. On this record, the district court was entitled to conclude that the expert's opinion, rather than being the product of the reliable application of scientific theory to independently supported facts, was "little more than speculation."

Plaintiff raises no challenge to the grant of summary judgment other than arguing that his expert's testimony should have been considered admissible. Accordingly, the judgment of the district court is AFFIRMED.